*Exhibit A*



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

SHADOW ENTERPRISES, INC.
9110 VALLEY GROVE LANE
SOUTHAVEN, MS 38672

12/31/2021

RE: SHARON GOLDBERG

VS: SHADOW ENTERPRISES, INC.

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

*Tre Hargett*
Tre Hargett
Secretary of State

Enclosures: Original Documents

---

**DOCUMENT INFORMATION**

SOS Summons # : 11799507

Case #:             2021-CV-63

Certified #:        9489009000276342830714

---

SS-4214 (Rev. 8/15)                                                                                          RDA 1003

## IN THE CIRCUIT COURT OF LOUDON COUNTY, TENNESSEE

**SHARON GOLDBERG,**
**a citizen and resident of Roane County,**
**residing at 209 Brown Ave,**
**Harriman, Tennessee 37748,**

       **Plaintiff,**

v.

**SHADOW ENTERPRISES, INC.,**
**a business entity organized pursuant**
**to the laws of the State of Tennessee, with**
**its primary location being 9110 Valley Grove**
**Lane, Southaven, Mississippi 38672,**

       **Defendant.**

**No. 2021-CV-63**
**JURY DEMANDED**

FILED
TIME _____4:07_____ AM/PM

DEC 2 3 2021

STEVE HARRELSON
CIRCUIT COURT CLERK
Williams _____ D.C.

**TO:**   **Shadow Enterprises, Inc.**
       **9110 Valley Grove Lane**
       **Southaven, MS 38672**

## ALIAS SUMMONS

TO THE ABOVE-NAMED RESPONDENT(S):

    You are hereby summoned and required to serve upon R. Emily Horton and W. Lucas Arnold of The Cantrell Law Firm, whose address is 362 South Charles G. Seivers Boulevard, P.O. Box 299, Clinton, Tennessee 37717, an Answer to the Petition herewith served upon you within thirty (30) days after service of this Summons and Petition to you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Petition.

    Issued and tested this _____2 3_____ day of _____December_____, 2021.

      _Steve Harrelson_
      Clerk

                          _Teresa Williams_
                          Deputy Clerk

TO THE RESPONDENT(S):  Tennessee law provides a Ten Thousand Dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the Judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically

STATE OF TENNESSEE, LOUDON COUNTY
I, Steve Harrelson, Circuit Court Clerk for said county,
certify this to be a true and correct copy of the original
which is on file in my office at the Courthouse in
Loudon County. Witness my hand and seal at this
office, the _23_ day of _____, 20__
_____ CLERK
By _Teresa Williams_____, D.C.

COPY

exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself, trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

The Defendant, **SHADOW ENTERPRISES, INC.**, with an address of 9110 Valley Grove Lane, Southaven, Mississippi 38672, can be served through the office of the **Secretary of State of Tennessee, Department of Service, Attention Summons, Suite 1800, James K. Polk Bldg., Nashville, Tennessee  37243** or at:

_____

_____

I received this Summons on the _____ day of _____, 2021.

I hereby certify and return that on the _____ day of _____, 2021.

[  ] Served this Summons and Petition on Respondent in the following manner: _____

_____

_____

_____

_____

[  ] Failed to serve this Summons within thirty (30) days after its issuance because: _____

_____

_____

_____


_____

**PROCESS SERVER**

COPY

# IN THE CIRCUIT COURT OF LOUDON COUNTY, TENNESSEE

**SHARON GOLDBERG,**
a citizen and resident of Roane County,
residing at 209 Brown Ave,
Harriman, Tennessee 37748,

        **Plaintiff,**

v.

**SHADOW ENTERPRISES, INC.,**
a business entity organized pursuant
to the laws of the State of Tennessee, with
its primary location being 9110 Valley Grove
Lane, Southaven, Mississippi 38672,

        **Defendant.**

No. 2021-CV-63

**JURY DEMANDED**

TIME _____ FILED 10:37 (AM/PM)

JUL 20 2021

STEVE HARRELSON
CIRCUIT COURT CLERK
_____ D.C.

## COMPLAINT

Comes now the Plaintiff, Sharon Goldberg, and brings this claim against her former

employer, Shadow Enterprises stating as follows:

1. Plaintiff, Sharon Goldberg, was at the relevant time when the events took place as stated

in this complaint a citizen and resident of Roane County, Tennessee.

2. Defendant, Shadow Enterprises, Inc., was at the relevant time when the events took place

as stated in the complaint a corporation doing business in Loudon County, Tennessee. Shadow

Enterprises, Inc. is a Tennessee corporation and may be served through its agent Brent Douglas at

520 Eastview Road, Camden, Tennessee 38320.

3. Venue and jurisdiction is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101

as the events that occurred that led to Plaintiff's cause of action in this case happened in Loudon

County, Tennessee.

4. Ms. Goldberg brings this action against the Defendant based upon her common law

rights against retaliatory discharge by Defendant, because she was exercising her rights during the

course of making a workers compensation claim and pursuant to Tenn. Code Ann. § 50-1-801 and 50-6-114(a).

5. Ms. Goldberg began working for Defendant on or around December of 2019. She was employed as a delivery driver.

6. Ms. Goldberg's truck was defective on January 5, 2021.

7. Previously, Ms. Goldberg had made several complaints concerning the defective condition and requested a different truck.

8. Company mechanics attempted several times to fix the truck before returning it to Ms. Goldberg on January 5, 2021.

9. On January 5, 2021, Ms. Goldberg experienced an injury to her shoulder while in the course of her employment attempting to deliver packages and reported the injury timely to Defendant.

10. Shadow Enterprises requested Ms. Goldberg return to work on January 7, 2021, knowing she had not been cleared by a medical doctor.

11. Following the time when Ms. Goldberg reported her injury to Defendant, she was in need of healthcare. She sought the services of Dr. Thomas Boduch and Dr. Manuel Mendez, as Defendant did not offer her medical care as required by law and even though Ms. Goldberg told her employer that she was injured and sought medical treatment.

12. Ms. Goldberg has not yet been cleared to return to work.

13. Defendant then terminated Ms. Goldberg by asking her to return the uniform, scanner, and gas card.

14. Defendant tried to file for worker's compensation benefits after the injury occurred.

15. The reason for Ms. Goldberg's termination was pre-textual and not the real reason for her termination, which was in fact due to her attempting to file a worker's compensation claim.

16. Plaintiff would show that as a result of the termination she lost income both back and future, as well as emotional distress as a result of the wrongful termination.

17. Plaintiff would show that she was an employee at the time of the injury, which she complied to the fullest with the administrative requirements, that she was terminated and that the reason for her termination was her injury.

18. Plaintiff would show that her termination was wrongful and against public policy and in retaliation.

**PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. That this complaint be filed with the summons to be served upon the Defendant to answer within the required time as allowed by law;

2. That upon a trial in this cause be awarded damages in an amount not to exceed two million dollars;

3. That a judgment be awarded against the Defendant for punitive damages in an amount not to exceed one million dollars;

4. That Plaintiff be awarded her costs and discretionary costs;

5. That a twelve person jury be empaneled to try all issues of fact included therein; and

6. That Plaintiff be granted what other and further relief as may be deemed appropriate by the Court.

Respectfully submitted this the __14__ day of __July__, 2021.

R. Emily Horton, BPR No. 032984
W. Lucas Arnold, BPR No. 029044

*Attorneys for Plaintiff*
**362 S. Charles G. Seivers Blvd.**
**P. O. Box 299**
**Clinton, Tennessee 37717**

**OF COUNSEL:**

**THE CANTRELL LAW FIRM**
**P. O. Box 299**
**Clinton, TN 37717**

## COST BOND

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. 20-12-120.

**PRINCIPAL**

**R. EMILY HORTON, BPR No. 038429**
**LUCAS ARNOLD, BPR No. 028044**
**THE CANTRELL LAW FIRM**
**SURETIES**
**P.O. Box 299**
**Clinton, TN 37717**
**(865) 457-9100**

## IN THE CIRCUIT COURT OF LOUDON COUNTY, TENNESSEE

JUL 2 0 2021

STEVE HARRELSON
CIRCUIT COURT CLERK
_____ D.C.

**SHARON GOLDBERG,**
a citizen and resident of Roane County,
residing at 209 Brown Ave,
Harriman, Tennessee 37748,

        **Plaintiff,**

**v.**

No. 2021-CV-63

**JURY DEMANDED**

**SHADOW ENTERPRISES, INC.,**
a business entity organized pursuant
to the laws of the State of Tennessee, with
its primary location being 9110 Valley Grove
Lane, Southaven, Mississippi 38672,

        **Defendant.**

## MOTION TO REQUIRE A RULE 31 MEDIATION

    Comes now the Plaintiff, by and through counsel, and does hereby move this Honorable

Court to require a Rule 31 Mediation in order to ascertain whether or not all issues related to the

Complaint filed herein can be resolved without the need for further litigation.

    Respectfully submitted this the 14 day of _____July_____, 2021.

**R. EMILY HORTON (038429)**
**W. LUCAS ARNOLD (028044)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
**THE CANTRELL LAW FIRM**
**362 S. Charles G. Seivers Blvd.**
**P. O. Box 299**
**Clinton, TN 37717-0299**
**(865) 457-9100**

# IN THE CIRCUIT COURT OF LOUDON COUNTY, TENNESSEE



**SHARON GOLDBERG,**
**a citizen and resident of Roane County,**
**residing at 209 Brown Ave,**
**Harriman, Tennessee 37748,**

        **Plaintiff,**

**v.**

      **No.** 2021-CV-63
      **JURY DEMANDED**

**SHADOW ENTERPRISES, INC.,**
**a business entity organized pursuant**
**to the laws of the State of Tennessee, with**
**its primary location being 9110 Valley Grove**
**Lane, Southaven, Mississippi 38672,**

      **Defendant.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED UNTO THE DEFENDANT

Comes the Plaintiff, Sharon Goldberg, by and through her attorney of record, and requests that the Defendant answer under oath, the following Interrogatories and Requests for Production of Documents within forty-five (45) days from the date of service as provided by law, and a copy of the Answer to be furnished to the Plaintiff's attorneys at The Cantrell Law Firm, Post Office Box 299, Clinton, Tennessee, 37717-0299.

### Definitions and Instructions

1.     As used herein, the terms "you," and "your", or "yourself" refers to the Defendant,

          each of Defendant's agents, representatives and attorneys, and

          each person acting or purporting to or on Defendant's behalf.

2.     As used herein, the term "person" shall include natural persons, firms,

          partnerships, associations, joint ventures, corporations, agencies, boards,

authorities, commission, governmental entities, and any other form of legal or informal entity.

3. "And" as well as "or," as used herein shall be read and applied as though interchangeable, and shall be construed either disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information.

4. The term "Document" shall be defined as the original, and if the original is unavailable any copy of any tangible thing or subject matter having any informational content whatsoever, which is now in the actual or constructive possession, custody, or control or you, your attorneys or your representatives of any type whatsoever. Without limiting the generality of the foregoing, and for the purpose of illustration only, the term "Document" shall include, but is not limited to, the following:

    a.    Handwritten, printed, typewritten, computer-generated, recorded, graphic, or photographic material of any kind or character;

    b.    Any and all tapes, disks, and non-duplicate copies and transcripts thereof; and

    c.    Any and all memoranda, books, records, filings, reports, notes, desk calendars, diaries, telegrams, transcripts, cables, telex transcriptions,

correspondence, graphs, charts, letters, lists, minutes, agenda, computer print-outs, data compilations, drafts, contracts, agreements, notations of conversations or conferences, inter-office and intra-office communications, bulletins, circulars, pamphlets, studies, notices, summaries, teletype messages, drawings, tables, financial statements and records, accounting statements and records, invoices, worksheets, ledgers, voucher, receipts, and all other writings of any and every description; and

d.    Any and all photographs, movies, tapes, electromagnetic audio or video recordings, laser disks, microfilms, microfiche, computer cards, computer tapes, computer disks or diskettes, computer programs, sound records, and any and all other records of any and every description; and

e.    Any and all drafts or copies of any of the objects defined as documents in parts (a)-(d) above, which are not identical to the original of such documents.

5.    When an Interrogatory requires you to "state the basis of " a particular claim, contention, or allegation, state in your answer all facts that you think support, refer to, or evidence such claim, contention, or allegations and the identify of each and every evidences of such claim, contention, or allegation.

6.    As use herein, "Identify" or "Identification" shall mean:

a. When used in reference to a person, such terms shall call for his or her full name, present or last-known address, telephone number, present or last place of employment and relationship to you, and the events relative to this litigation.

b. When used in reference to a document, such terms shall call for its date, its author, the person to whom it was directed (if applicable), the type of document (e.g. letter, memorandum, telegram, chart, etc.), the heading or title of the document (if applicable), its present location, each of its present custodians, and a detailed summary of its contents.

c. If any Interrogatory requests identification of a document and such document was, but is no longer, in the possession or subject to the control of you, state whether it (a) is missing or lost, (b) has been destroyed, and (c) has been transferred to others, or approximate date thereof.

7. In lieu of a summary of the contents of any documents as required by these instructions, you may furnish simultaneously with the filing of answers to these Interrogatories, such document for inspection and copying; and, in the event you choose to produce in lieu of summarizing its contents, your answer to these Interrogatories should state with particularity the document being produced and such document should accompany the answer. When producing the actual

document in lieu of a summary of it, you admit the authenticity of the document produced.

8.     This singular and plural of words shall be interpreted either in the singular or plural to bring within the scope of these Interrogatories any information that might otherwise be construed to be outside the scope of these Interrogatories and shall not be interpreted so as to exclude any information otherwise within the scope of any one or more of these Interrogatories.

9.     As used herein, the present shall always include the past tense.

10.    If privilege is claimed as a ground for not answering any Interrogatory or if any Interrogatory is otherwise objected to, describe the legal and factual basis for the claim of privilege or other objection.

**INTERROGATORY NO. 1:**   State your name, address and place of employment, and why you are in a position to answer these questions as a representative of the Defendant.

**Answer:**

**INTERROGATORY NO. 2:**  State the names, addresses, and telephone numbers of each and every witness who has knowledge of the facts involved in this lawsuit, and the names, addresses, and telephone numbers of each and every witness you intend to use at the trial of this cause.

**Answer:**

**INTERROGATORY NO. 3:** State in full and complete detail any oral statement or statements given to you or any of your representatives by the Plaintiff, and state the substance of the said statement or statements in full and complete detail, the location of the making of said statement or statements, and the names, addresses, and telephone numbers of all persons present when said statement or statements were made. Attach copies to your answers to these Interrogatories of any and all statements of a written nature, including any electronically recorded statement or statements given by the Plaintiff.

**Answer:**

**INTERROGATORY NO. 4:** Attach to your answer to these Interrogatories copies of all documents, of whatever nature, including but not limited to medical records, business records, employment records, employment applications, payroll records, first notice of injury, and any other documents which have any relevance to the issues of this lawsuit, upon which you intend to rely at trial or attempt to introduce, or act to introduce into evidence.

**Answer:**

**INTERROGATORY NO. 5:** If you rely upon the defense of lack of notice, state specifically the facts of your position which you allege constitutes grounds for said defense.

**Answer:**

**INTERROGATORY NO. 6:** If you maintain that the Plaintiff was not injured on the job, as alleged in the original Complaint, state the facts in you answer to the interrogatory that would show in any way that the Plaintiff was not injured as alleged in the Complaint.

**Answer:**

**INTERROGATORY NO. 7:** If you rely upon the defense of misrepresentation on the employment application, attach to your answer to these Interrogatories a copy of said application, and upon what you base your defense of misrepresentation.

**Answer:**

**INTERROGATORY NO. 8:** If you rely upon the defense of independent contractor, state all facts giving rise to such defense.

**Answer:**

**INTERROGATORY NO. 9:** If you authorized any medical treatment for this Plaintiff, state in full all facts concerning the authorization of medical treatment, specifically, including when the treatment was authorized, who authorized such treatment, and when this was communicated to the Plaintiff herein. Attach to your answers to these Interrogatories copies of all documentation of whatever kind which has relevance on this issue.

**Answer:**

**INTERROGATORY NO. 10:**  If the Plaintiff was not given a list of three reputable physicians not associated in practice, state the reasons for not giving such a list of three independent physicians to the Plaintiff.

**Answer:**


**INTERROGATORY NO. 11:**  State what you contend to be the proper rate of compensation under the Worker's Compensation Laws of the State of Tennessee for this particular Plaintiff, and attach to your answers to these Interrogatories copy of any and all wage documents which support your contention as to the said compensation rate, and further provide information as to whether the Plaintiff is being paid the appropriate worker's compensation rate by the Worker's Compensation Insurance Company at this time.

**Answer:**


**INTERROGATORY NO. 12:**  Please state the hire and discharge date for the Plaintiff. Attach to your answers to these Interrogatories copies of all documentation of whatever kind that has relevance on this issue.

**Answer:**


**INTERROGATORY NO. 13:**  Please state the grounds that you claim were the reason for Plaintiff's discharge of employment. If claiming employee conduct, attach to your answers to these Interrogatories copies of all documentation of whatever kind that has relevance on this issue.

**Answer:**

**INTERROGATORY NO. 14:** State the names, phone numbers, and addresses of each person present when the Plaintiff was discharged and provide an account of what was said and by whom it was said concerning the Plaintiff's discharge.

**Answer:**

**INTERROGATORY NO. 15:** State whether the defendant employer has a personal handbook and/or policy manual or other document or series of documents setting forth policies with regards to:

    a.  Hiring;

    b.  Dismissal;

    c.  Employee conduct;

    d.  Injuries occurring at the workplace; and

    e.  Safety.

**Answer:**

**INTERROGATORY NO. 16:** Please identify all personal forms maintained or used by the defendant since the date of hire for each individual employee, including, but not limited to, any of the following:

    a.  Application;

    b.  New employee profile;

    c.  Employment history;

    d.  US Immigration and Naturalization forms;

    e.  Transfer;

f.  Promotion;

g.  Time and attendance;

h.  Payroll

i.  Performance reviews;

j.  Corrective action;

k.  Probationary; and

l.  Time off.

**Answer:**


**THESE INTERROGATORIES ARE DEEMED TO BE ONGOING AND SHOULD BE UPDATED PURSUANT TO THE TENNESSEE RULES OF CIVIL PROCEDURE.**

Respectfully submitted this the 14 day of July, 2021.

**R. EMILY HORTON (038429)**
**W. LUCAS ARNOLD (029044)**
**Attorneys for Plaintiff**


**OF COUNSEL:**

**THE CANTRELL LAW FIRM**
**Post Office Box 299**
**Clinton, TN 37717-0299**
**(865) 457-9100**

## IN THE CIRCUIT COURT OF LOUDON COUNTY, TENNESSEE

**SHARON GOLDBERG,**
a citizen and resident of Roane County,
residing at 209 Brown Ave,
Harriman, Tennessee 37748,

        **Plaintiff,**

v.

**SHADOW ENTERPRISES, INC.,**
a business entity organized pursuant
to the laws of the State of Tennessee, with
its primary location being 9110 Valley Grove
Lane, Southaven, Mississippi 38672,

        **Defendant.**

No. 2021-CV-63

**JURY DEMANDED**

TIME _____ 10:37 AM/PM

FILED

JUL 20 2021

STEVE HARRELSON
CIRCUIT COURT CLERK
_____ D.C.

### REQUESTS TO ADMIT

Comes now the Plaintiff, by and through counsel, and pursuant to Rule 36 of the

Tennessee Rules of Civil Procedure, and does request that the Defendant admit the truth of the

following matters:

1. On January 5, 2021, Sharon Goldberg was employed at Shadow Enterprises and

   sustained a shoulder injury during the course of her employment.

2. On January 5, 2021, Sharon Goldberg notified the appropriate authorities within Shadow

   Enterprises that she was injured.

3. As of January 6, 2021, Shadow Enterprises was aware that Ms. Goldberg was seeking

   medical treatment.

4. Shortly after the injury took place, Sharon Goldberg inquired from Shadow Enterprises's

   personnel concerning a Worker's Compensation claim.

5. A worker's compensation claim for Sharon Goldberg was not filed with the Bureau of

   Worker's Compensation as of the date these Request to Admit were received.

6. In the period following January 5, 2021, Shadow Enterprises asked Sharon Goldberg to return to work, even though she was not cleared to return by a medical doctor.

7. The reason Shadow Enterprises discharged Sharon Goldberg from their employment roster was due to her shoulder injury occurring on January 5, 2021, inability to return to work immediately, and attempt to file a worker's compensation claim against Shadow Enterprises.

Respectfully submitted this the 14 day of July, 2021.

**R. EMILY HORTON, BPR 038429**
**W. LUCAS ARNOLD BPR 029044**
*Attorneys for Plaintiff*

**OF COUNSEL:**

**THE CANTRELL LAW FIRM**
**P.O. Box 299**
**Clinton, Tennessee 37717**
**(865) 457-9100**