UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHARON GOLDBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:22-CV-50-TAV-JEM |
| | ) | |
| SHADOW ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This civil action was removed to this Court on or about February 9, 2022 [Doc. 1]. The record contains no evidence that plaintiff has responded to defendant's discovery requests or stayed up to date on the status of the case. On January 10, 2023, the Court ordered plaintiff to show cause why she has not responded to defendant's discovery requests within 14 days or otherwise show good cause why she has failed to prosecute this case [Doc. 20]. In that order, the Court cautioned plaintiff that failure to respond to the show-cause order would be grounds for the Court to dismiss this case without further notice. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

More than 14 days have passed, and plaintiff has failed to respond to the Court's show-cause order or otherwise take any action in this case. The Court finds that plaintiff's failure to respond is due to willfulness, bad faith, or fault; that plaintiff was warned that failure to respond would lead to dismissal; and that the Court considered less drastic sanctions but found that they would be ineffective under these circumstances. *See*

*Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (citation omitted).  This case is thus **DISMISSED with prejudice** for failure to prosecute and for failure to follow the Court's orders.  *See* Fed. R. Civ. P. 41(b); *Fuller*, 468 F. App'x at 588 ("District courts are empowered to dismiss actions when a litigant fails to comply with a court order, or fails to prosecute a case.").  The Clerk of Court is **DIRECTED** to **CLOSE** this case.  All pending motions [Doc. 19] are **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE